[717 NYS2d 359]

In the Matter of JONATHAN L. LEVINE (Admitted as JONATHAN LEWIS LEVINE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 18, 2000

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary Egerman* of counsel), for petitioner.

*Reich & Reich, P. C.,* Brooklyn (*Edward S. Reich* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing 27 charges of professional misconduct, and two supplemental petitions containing seven charges and one charge, respectively. The respondent denied knowledge or information sufficient to form a belief as to the allegations contained in the charges, which were subsequently consolidated into a single petition. Two charges (Charge 18 in the original and Charge 6 of the first supplemental petition) were withdrawn by the Grievance Committee, and Charges 1, 2, 9, 11, 20, 28, and 29 were amended. The respondent denied the charges, but stipulated to almost all of the factual allegations contained in the consolidated petition. At the hearing, the Grievance Committee's case consisted of the stipulated facts, 75 stipulated exhibits, three additional exhibits, and the testimony of three witnesses, including the respondent. The respondent testified on his own behalf and called several witnesses. At the conclusion of the hearing, the Special Referee sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report, and the respondent cross-moves to disaffirm.

Charges 1, 2, 4, 6, 7, 28, 29, 33, and 34 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and/or conduct prejudicial to the administration of justice by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Charges 3, 5, and 8 alleged that the respondent neglected legal matters entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charges 10, 11, 19, and 20 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 12, 13, 14, 16, 21, 24, 25, and 26 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to account for escrow funds and/or failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 15 and 27 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 17, 22, and 23 alleged that the respondent commingled personal funds with funds held for clients, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Based on the evidence adduced at the hearing, including the parties' stipulation and the stipulated exhibits, the Special Referee properly sustained all of the charges except 9, 30, 31, and 32, which are not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he eventually cooperated with the Grievance Committee, albeit in a very tardy fashion, and that he is not guilty of any conversion of client funds. The respondent also asks the Court to consider that he is unable to account for funds left in his escrow account because his former partner is in possession of the information necessary to disburse those funds, and he has not cooperated with the respondent. Finally, the respondent asks the Court to consider the mitigating personal circumstances to which he and his psychiatrist testified at the hearing.

The respondent's disciplinary history consists of a reprimand dated November 7, 1997, and a letter of caution dated April 7, 1998. Both involved the respondent's failure to cooperate with the Grievance Committee.

Notwithstanding the mitigating circumstances offered by the respondent, he is guilty of serious professional misconduct that warrants his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm is granted to the extent that all of the charges except Charges 9, 30, 31, and 32 are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charges 9, 30, 31, and 32 are not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan L. Levine, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jonathan L. Levine is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.